IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. WOODSON, #08674-030, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 17-cv-1236-DRH ) |
| T.G. WERLICH, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Proceeding *pro se*, Petitioner Mark Woodson filed a Petition pursuant to 28 U.S.C. § 2241 in this District on November 13, 2017. (Doc. 1). On December 14, 2017, the Court ordered Petitioner to pay his filing fee or file a motion to proceed *in forma pauperis* by January 5, 2018 if he wished to proceed with his claims. (Doc. 3). Petitioner was warned that failure to comply with the Court's Order by the deadline would result in dismissal of the action. *Id*.

Despite these warnings, Petitioner missed the deadline for paying the fee or submitting a motion to proceed *in forma pauperis*. More than ten days has passed since the deadline expired. Petitioner has not requested an extension. The Court will not allow this matter to linger indefinitely.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice based on Petitioner's failure to comply with this Court's Order (Doc. 3) dated December 14, 2017. The **CLERK** is directed to **CLOSE** this case.

1

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**  /s/ David R. Herndon

Judge Herndon
2018.01.16
13:34:52 -06'00'

United States District Judge